Jeffrey Schreiber, Esq.
Jeffrey Weingart, Esq.
Susan Schlesinger, Esq.
**MEISTER SEELIG & FEIN LLP**
125 Park Avenue
New York, NY  10017
Tel: (212) 655-3500
Email: jpw@msf-law.com
       sms@msf-law.com
*Attorneys for Plaintiff*
*American Friends of Beit Orot Inc.*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN FRIENDS OF BEIT OROT INC., | ) |
| Plaintiff, | ) Civil Action No:  1:16-cv-1796 ) ) **COMPLAINT** |
| vs. | ) ) **March 9, 2016** |
| ELCHANAN BIN NUN, SHMUEL SHABTAI SPERO, and ELI BARATZ | ) ) ) ) |
| Defendants. | ) |

### COMPLAINT

Plaintiff American Friends of Beit Orot Inc. ("Plaintiff" or "AFBO"), by and through the undersigned attorneys, as and for its complaint against Defendants Elchanan Bin Nun ("Bin Nun"), Shmuel Shabtai Spero ("Spero") and Eli Baratz ("Baratz") (collectively, "Defendants") respectfully alleges as follows:

## NATURE OF ACTION

1. This is an action for trademark infringement, false designation of origin and cybersquatting arising from Defendants' unauthorized actions in using Plaintiff's federally registered BEIT OROT trademark.

## PARTIES

2. Plaintiff AFBO is a not-for-profit corporation organized under the laws of the State of New York with its principal place of business at 27 Maple Avenue, Cedarhurst, New York 11516.

3. Defendant Bin Nun is an individual and, upon information and belief, is residing in Israel with an address of Shiloh 171, D.N. Efraim, Israel 44830.

4. Defendant Spero is an individual and, upon information and belief, is residing in Israel with an address of Harimon 7, Karnei Shomoron, Israel 44855.

5. Defendant Baratz is an individual and, upon information and belief, is residing in Israel with an address of HaAchva 121, Maale Michmash, Israel 90634.

## JURISDICTION AND VENUE

6. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121(actions arising under the Lanham Act), 28 U.S.C. § 1338(a) (original jurisdiction over trademarks).

7. This court has jurisdiction over Defendants by virtue of the fact that, upon information and belief, they have committed tortious acts within this District by engaging in various infringing and misleading conduct in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL CLAIMS

9. Plaintiff AFBO is the owner of the BEIT OROT trademark and U.S. Registration No. 4,811,789 for "association services, namely, promoting public awareness of Judaism, Jerusalem, Zionism, Jewish history, religion and culture" in Class 35 and for "charitable fundraising services" in Class 36.  A true and correct copy of AFBO's trademark registration is attached to hereto as Exhibit A and incorporated herein by reference.

10. The BEIT OROT trademark was developed and first used in commerce in the United States at least as early as 1992.  For over twenty years, AFBO has built up extensive goodwill and secondary meaning in connection with the BEIT OROT trademark.

11. Through controlled and exclusive use of the BEIT OROT trademark for many years, the BEIT OROT trademark has become an indicator of source of AFBO and its association and charitable fundraising services.

12. In connection with the BEIT OROT trademark and the services provided therewith, AFBO owns the "beitorot.org" domain name and corresponding Web site located at the URL: "www.beitorot.org" (the "BEIT OROT Web Site").   True and correct copies of pages from the BEIT OROT Web Site are attached hereto as Exhibit B.  AFBO also owns the Beit Orot Facebook page located at the URL: "www.facebook.com/beitorot" (the "BEIT OROT Facebook Page").  True and correct copies of pages from the BEIT OROT Facebook Page are attached hereto as Exhibit C.

13. Among the charitable fundraising services that AFBO provides in connection with the BEIT OROT trademark is the BEIT OROT Annual Dinner (the "BEIT OROT Dinner").  This year's BEIT OROT Dinner was held on January 6, 2016 at the Crowne Plaza Times Square in Manhattan.

14. In or around December 2015, Defendants, and those acting in concert or privity with them, began a campaign of using the BEIT OROT trademark in a confusing and deceptive manner.

15. AFBO has not authorized or granted a license to any of the Defendants to use the BEIT OROT trademark.

16. Upon information and belief, since December 2015, Defendants have been falsely holding themselves out to be associated with and/or representatives of AFBO by using the BEIT OROT trademark in an unauthorized manner.

17. On December 24, 2015, Defendant Baratz, obtained the domain name "beit-orot.com," which blatantly contains Plaintiff's entire BEIT OROT trademark. A copy of the Whois information for the "beit-orot.com" domain name is attached hereto as Exhibit D. Upon information and belief, Defendant Baratz has no rights in the BEIT OROT trademark or the "beit-orot.com" domain name.

18. Upon information and belief, the "beit-orot.com" domain name was obtained in bad faith with the intent to confuse patrons of AFBO and other members of the public looking for AFBO's legitimate BEIT OROT Web Site and to divert them to Defendant Baratz's unauthorized "beit-orot.com" Web site (the "Infringing Web Site"), which contained misleading information and content disparaging to AFBO, its BEIT OROT association and charitable fundraising services, and specifically the BEIT OROT Dinner.

19. The Infringing Web Site was recently discontinued, upon information and belief, in view of the cease and desist letter sent to Defendant Baratz. A true and correct copy of the cease and desist letter is attached hereto as Exhibit E. Though the Infringing Web Site is not currently active, the confusingly similar domain name is still registered to Defendant Baratz. As

long as Defendant Baratz continues to own the "beit-orot.com" domain name, he, and those acting in concert or privity with him, can at any time continue unauthorized use of the BEIT OROT trademark and efforts to damage AFBO's goodwill.

20.     On or around December 24, 2015, upon information and belief, Defendant Bin Nun engaged in the conduct of contacting patrons of AFBO under false or misleading pretenses regarding the BEIT OROT Dinner in an attempt to confuse patrons regarding their attendance at the BEIT OROT Dinner and to provide misleading information and directing such patrons to contact Defendant Spero at a local New York phone number.

21.     On or around December 28, 2015, upon information and belief, Defendants, or those acting in concert or privity with them, caused a video to be uploaded onto YouTube at the following URL: "www.youtube.com/watch?v=zaniSufxx5M&feature=youtu.be".  A true and correct copy of a screen shot from YouTube is attached hereto as Exhibit F.  By using the BEIT OROT trademark in the video title, AFBO patrons and other members of the public will be mislead to believe that the video is sponsored by, approved by or otherwise associated with AFBO and are, therefore, misdirected to the video only to find that it contains false and misleading statements about AFBO and its BEIT OROT services.

22.     On or around December 30, 2015, upon information and belief, Defendants, or those acting in concert or privity with them, started a Facebook page which can be found at the following URL: "www.facebook.com/YeshivatBeitOrot" (the "Infringing Facebook Page"). The BEIT OROT trademark is used as part of the Facebook page name, in the URL and in other places on the Infringing Facebook Page.  True and correct copies of Web pages from the Infringing Facebook Page are attached hereto as Exhibit G.  Upon information and belief, Defendants' duplicitous Facebook page has been posted in an attempt to divert and confuse

patrons of AFBO, and other members of the public, who are otherwise looking for AFBO's legitimate BEIT OROT Facebook Page and who are misdirected to Defendants' Infringing Facebook Page and the misleading content contained therein.

23. On or around December 30, 2015, upon information and belief, Defendant Spero was in various locations in New York, including within this District, in connection with Defendants' collective efforts to disparage AFBO and AFBO's BEIT OROT charitable services, including the BEIT OROT Dinner.

24. Upon information and belief, Defendants' efforts to confuse AFBO patrons and other members of the public by their infringing uses of the BEIT OROT trademark are ongoing with the intention to divert such patrons and members of the public and their contributions which would otherwise go toward AFBO's charitable services.

25. Upon information and belief, Defendants Bin Nun and Spero came to the United States, on or about March 7, 2016, and specifically to this District, for the purpose of contacting AFBO patrons and other members of the public and falsely using the BEIT OROT trademark to deceive such AFBO patrons and members of the public to provide them with misleading information damaging to AFBO, its BEIT OROT charitable services and the goodwill associated therewith.

**FIRST CLAIM FOR RELIEF**
**(Infringement of Federally Registered Trademark)**

26. Plaintiff repeats and realleges the allegations recited in paragraphs 1 through 25 as though fully set forth herein.

27. Defendants' activities in engaging in unauthorized use of the BEIT OROT trademark with the intent to confuse and deceive AFBO patrons and other members of the

public, constitute infringement of Plaintiff AFBO's federally registered BEIT OROT trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, all to the substantial and irreparable injury of AFBO's reputation and goodwill.

28. By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's BEIT OROT trademark, including diversion of patrons and others from Plaintiff AFBO's charitable services, lost contributions to AFBO's charitable services and Defendants will be unjustly enriched.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
**(False Designation of Origin)**

29. Plaintiff repeats and realleges the allegations recited in paragraphs 1 through 28 as though fully set forth herein.

30. Defendants' activities in using the BEIT OROT trademark to provide false and misleading information regarding AFBO and its services constitute false designation of origin arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31. By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's BEIT OROT trademark, including diversion of patrons and others from Plaintiff AFBO's charitable services, lost contributions to AFBO's charitable services and Defendants will be unjustly enriched.  Plaintiff has no adequate remedy at law.

## **THIRD CLAIM FOR RELIEF**
### (Anticybersquatting)

32. Plaintiff repeats and realleges the allegations recited in paragraphs1 through 31 as though fully set forth herein.

33. Defendant Baratz's activities in obtaining the "beit-orot.com" domain name in bad faith constitute cybersquatting arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(d).

34. By such wrongful acts, Defendant Baratz has caused and will continue to cause serious irreparable injury and damage, unless the "beit-orot.com" domain name is transferred to Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants Elchanan Bin Nun, Shmuel Shabtai Spero and Eli Baratz, jointly and severally, as follows:

1. Entering an injunction restraining Defendants, and all others in concert and privity with them, from:

    (a) Using in any manner, Plaintiff AFBO's BEIT OROT trademark;

    (b) Using in any manner any designation, name or trademark that is confusingly similar to Plaintiff AFBO's BEIT OROT trademark;

    (c) Doing any other acts which are intended to or will be likely to deceive the public into falsely believing that there is an affiliation or relationship between Plaintiff and Defendants;

2. Entering a judgment directing Defendants to remove the infringing Beit Orot video from YouTube;

3. Entering a judgment directing Defendants to remove the infringing "Yeshivat Beit Orot" Facebook page;

4. Entering a judgment directing Defendants to transfer the "beit-orot.com" domain name to Plaintiff;

5. Entering a judgment directing Defendants to provide an accounting to Plaintiff of Defendants' profits and actual damages suffered by Plaintiff as a result of Defendants' acts of infringement, false designation of origin and cybersquatting;

6. Entering a judgment awarding Plaintiff Defendants' profits and Plaintiff's damages pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a);

7. Entering a judgment directing Defendants to pay statutory damages pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(d);

7. Entering a judgment directing Defendants to pay Plaintiff's attorneys' fees, together with costs of this action, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117; and

8. Such other and further relief as this Court may deem just and proper.


Dated: March 9, 2016
       New York, New York

                                         **MEISTER SEELIG & FEIN LLP**

                                         By:   /s/ Susan Schlesinger
                                                  Jeffrey Schreiber, Esq.
                                                  Jeffrey Weingart, Esq.
                                                  Susan Schlesinger, Esq.
                                                  125 Park Avenue, 7th Floor
                                                  New York, NY  10017
                                                  Tel: (212) 655-3500

                                                  *Attorneys for Plaintiff*
                                                  *American Friends of Beit Orot, Inc.*